IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARTIN D. WILLS                                                                                                        PLAINTIFF

v.                              Case No. 3:13-CV-03003

JANET FAYE LACEFIELD and JAMES BUMGARNER               DEFENDANTS

**O R D E R**

Currently before the Court are Plaintiff's motion (Doc. 11) for default judgment against James Bumgarner and Defendant Janet Faye Lacefield's motion (Doc. 22) to consolidate cases.

Plaintiff Martin D. Wills moves for default judgment against Defendant James Bumgarner. Wills filed an affidavit of service for Bumgarner on November 5, 2012. It appears that Wills attempted to serve Bumgarner using the procedure set forth in Arkansas Rule of Civil Procedure 4(d)(8)(A), as called for by the local rules of this Court. Local Rule W.D. Ark. 4.1. That rule provides in pertinent part:

> Service of a summons and complaint upon a defendant ... may be made ... by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee.
> . . .
> Service pursuant to this paragraph shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. If delivery of mailed process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal, shall mail to the defendant by first class mail the copy of the summons and complaint and a notice that despite such refusal the case will proceed and the judgment by default may be rendered against him unless he appears to defend the suit.

Ark. R. Civ. P. 4(d)(8)(A)(i)-(ii).

There is no evidence on the record that Wills successfully served Bumgarner under this rule

such that default should be entered.  Wills attached to his affidavit of service, an envelope showing that the summons and complaint were returned as "unclaimed."  The Supreme Court of Arkansas has clearly stated that "[w]ith respect to Rule 4(d)(8)(A), the active nature of refusal is spelled out with care.  The record must contain 'a return receipt *signed by the addressee* or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee *reciting* or *showing refusal* of the process by the addressee.'"  *Meeks v. Stevens*, 301 Ark. 464, 468 (1990) (emphasis added in original).  The Arkansas Supreme Court adopted the view that "[r]eturn of an attempted service by registered mail is not tantamount to a refusal to receive service of process."  *Id.*  The record contains no return receipt signed by the addressee, postal document or affidavit evidencing affirmative refusal of service.  Furthermore, although Wills also attaches a delivery-confirmation printout of a second mailing of the summons and complaint to his affidavit of service, there is no signed return receipt evidencing delivery to Bumgarner as required for effective service under Arkansas Rule of Civil Procedure 4(d)(8)(A).  As there is no evidence that Wills has validly effected service on Bumgarner, nor evidence that attempted service was refused, Wills's motion for default judgment will be DENIED.

Because Wills is proceeding *pro se* and because it appears that Wills had a good-faith belief that his attempt at service was valid and effective, the Court finds good cause to allow Wills to properly serve Defendant Bumgarner within 45 days of the date of entry of this Order.

Defendant Janet Faye Lacefield moved to consolidate this case with another then-pending case between her and Wills and several other defendants.  The other pending case has since been dismissed.  The Court therefore finds that Lacefield's motion to consolidate should be DENIED AS MOOT.

For all of the above-stated reasons IT IS ORDERED that Plaintiff's motion (Doc. 11) for default judgment is DENIED.

IT IS FURTHER ORDERED that the time for Wills to properly effect service on Bumgarner is extended to Thursday, October 31, 2013.

IT IS FURTHER ORDERED that Defendant Lacefield's motion (Doc. 22) to consolidate is DENIED AS MOOT.

IT IS SO ORDERED this 16th day of September, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE